**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-1679**

---

NADEGE YOLANDE NGANSO,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

**No. 05-1948**

---

NADEGE YOLANDE NGANSO,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

---

On Petitions for Review of Orders of the Board of Immigration Appeals. (A96-095-089)

---

Submitted: January 18, 2006          Decided: February 8, 2006

---

Before NIEMEYER and MOTZ, Circuit Judges, and HAMILTON, Senior Circuit Judge.

———————

Petitions denied by unpublished per curiam opinion.

———————

Joshua A. Moses, JOSHUA MOSES & ASSOCIATES, Silver Spring, Maryland, for Petitioner. Peter D. Keisler, Assistant Attorney General, M. Jocelyn Lopez Wright, Assistant Director, Song E. Park, OFFICE OF IMMIGRATION LITIGATION, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

In these consolidated petitions for review, Nadege Yolande Nganso, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' order adopting and affirming the immigration judge's denial of her requests for asylum, withholding of removal, and protection under the Convention Against Torture, and its order denying her motion to reopen immigration proceedings.

In her petition for review, Nganso challenges the determination that she failed to establish her eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence [s]he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." INS v. Elias-Zacarias, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Nganso fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that she seeks.[1]

Additionally, we uphold the denial of Nganso's request for withholding of removal. "Because the burden of proof for

_____

[1] We have also considered Nganso's challenge to the immigration judge's refusal to allow her witness to testify and discern no prejudice from the immigration judge's decision. See Rusu v. INS, 296 F.3d 316, 320-21 (4th Cir. 2002) (holding that a petitioner must show prejudice in order to prevail on a claim that he or she was denied a full and fair hearing in violation of due process).

- 3 -

withholding of removal is higher than for asylum--even though the facts that must be proved are the same--an applicant who is ineligible for asylum is necessarily ineligible for withholding of removal under [8 U.S.C.] § 1231(b)(3)." Camara v. Ashcroft, 378 F.3d 361, 367 (4th Cir. 2004). Because Nganso fails to show that she is eligible for asylum, she cannot meet the higher standard for withholding of removal.[2]

Finally, we find that the Board did not abuse its discretion in denying Nganso's motion to reopen immigration proceedings. We agree with the Board's determination that Nganso failed to present clear and convincing evidence indicating a strong likelihood that her marriage is bona fide as required by Matter of Velarde-Pacheco, 23 I. & N. Dec. 253 (B.I.A. 2002).

Accordingly, we deny the petitions for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

PETITIONS DENIED

---

[2]Nganso does not challenge the denial of protection under the Convention Against Torture in her brief. She has therefore waived appellate review of this claim. See Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999).